**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1861
_____

UNITED STATES OF AMERICA

v.

MARC JAMES HARRIS,
                           Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cr-00283)
District Judge: Honorable Berle M. Schiller
_____

Argued: January 16, 2018
_____

Before: AMBRO[*], RESTREPO and FUENTES, *Circuit Judges*.

(Filed: May 17, 2023)
_____

Arianna J. Freeman [ARGUED]
Brett G. Sweitzer
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106

    *Counsel for Appellant*

---

[*] Judge Ambro assumed senior status on February 6, 2023.

Robert A. Zauzmer [ARGUED]
Josh A. Davison
Bernadette McKeon
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

    *Counsel for Appellee*

---

OPINION OF THE COURT

---

RESTREPO, *Circuit Judge*.

The Armed Career Criminal Act ("ACCA" or "the Act") establishes a fifteen-year mandatory minimum term of imprisonment for anyone convicted of a firearms offense under 18 U.S.C. § 922(g) who has at least three prior convictions for a "violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Our precedent dictates that Marc Harris' prior aggravated assault conviction should not be deemed a violent felony under the Act.

Harris was sentenced to a fifteen-year term of imprisonment pursuant to ACCA and challenged his sentence. He appealed to this Court, claiming the statutes underlying his prior convictions criminalize reckless conduct. Harris argued only crimes involving intentional acts of physical force could serve as an ACCA predicate offense, rendering his enhanced sentence illegal.

The Supreme Court has since agreed with Harris. In *Borden v. United States*, the Court held crimes that could be committed with a *mens rea* of recklessness do not qualify as violent felonies under ACCA's element of force clause. 141 S. Ct. 1817 (2021) (plurality opinion). Simply put, crimes that can be committed recklessly do not necessarily entail, as ACCA requires, "the active employment of force against another person." *Id.* at 1834.

The Government has conceded that *Borden* eliminates some of Harris' prior convictions as predicate offenses but maintains that three qualifying offenses remain. Harris disagrees, arguing the *Borden* decision renders all of his Pennsylvania prior convictions for robbery and aggravated assault to be non-predicate offenses, leaving only one qualifying drug offense.

But this Court need not address the effect of *Borden* on these Pennsylvania statutes to decide this appeal. Prior to the *Borden* decision, this Court decided *United States v. Mayo,* which held a Pennsylvania conviction for first-degree aggravated assault does not require physical force as understood within the context of ACCA. 901 F.3d 218 (3d Cir. 2018). Applying *Mayo*, as we are bound to do, Harris' aggravated assault conviction is stricken as a predicate, and he no longer has the three violent felony convictions necessary to justify the enhancement. We therefore vacate Harris' sentence and remand for further proceedings.

### I.     Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We exercise plenary review over the question of whether a prior conviction qualifies as a violent felony under ACCA. *United States v. Jones*, 332 F.3d 688, 690 (3d Cir. 2003).

### II.    Procedural History

In 2010, Marc Harris pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)**.** This offense typically carries a maximum sentence of ten years' imprisonment. 18 U.S.C. § 924(a)(2). In Harris' pre-sentence report, however, the probation officer concluded that Harris qualified as an armed career criminal under ACCA because his criminal record included three predicate offenses: one serious drug conviction and at least two violent felony convictions. Based on this determination, the District Court imposed a mandatory

minimum sentence of fifteen years' imprisonment under ACCA. Harris did not file a direct appeal.

In 2016, Harris moved to correct his sentence pursuant to 28 U.S.C. § 2255 following the Supreme Court's decision in *Johnson v. United States* (*Johnson 2015*), which he argued rendered the ACCA enhancement inapplicable. 576 U.S. 591 (2015). Prior to *Johnson 2015*, ACCA defined "violent felony" as any crime punishable by a term of imprisonment exceeding one year that fit under one of three alternate clauses: the element of force clause (a crime that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another"); the enumerated offenses clause (a crime that "(ii) is burglary, arson, or extortion, [or] involves the use of explosives"); or the residual clause (a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). 18 U.S.C. § 924(e)(2)(B). The Supreme Court in *Johnson 2015* invalidated the residual clause on the grounds that it was unconstitutionally vague. 576 U.S. at 606. Harris argued his prior convictions for robbery and aggravated assault only qualified under the residual clause, rendering his ACCA sentence illegal.[1]

The District Court denied Harris' § 2255 motion without explanation. Harris appealed and we remanded to permit the Court to determine whether a certificate of appealability (COA) should be issued. The Court denied the COA, concluding that Harris' sentence was legal because his prior robbery and aggravated assault convictions "qualify as violent felonies under the ACCA's [element of force] clause," and he thus "has more than three qualifying convictions." JA 4 (alterations and internal quotation marks omitted). In finding the sentence was not based on the unconstitutional residual clause, the Court ruled there was no merit to the appeal.

Harris subsequently filed an unopposed motion for a COA, which this Court granted "on the question [of] whether [his] due process rights were violated by the use of his Pennsylvania robbery and aggravated assault convictions to enhance his sentence under [ACCA]." JA 5.

---

[1] Harris argued in his § 2255 motion that, but for the ACCA enhancement, his Sentencing Guidelines range would have been 51 to 63 months' imprisonment. J.A. 17.

4

The parties briefed this issue and presented oral argument to this panel on January 16, 2018. This Court subsequently ordered this case to be reargued *en banc* and permitted the parties to submit supplemental briefing. On August 22, 2018, before the parties' *en banc* briefing was filed, a panel of this Court decided *Mayo*. Before the *en banc* Court issued an opinion, the Supreme Court granted review in *Borden* and this Court stayed Harris' appeal pending the outcome.

After the Supreme Court issued its decision in *Borden*, this Court ordered the parties to submit additional briefing addressing the decision's effect. Specifically, they were directed to address whether Harris' prior Pennsylvania convictions for first-degree robbery and aggravated assault were pursuant to statutes that could be violated by conduct committed with a *mens rea* of recklessness.

In its post-*Borden* briefing, the Government concedes that the *Borden* decision eliminated two of Harris' prior Pennsylvania robbery convictions as ACCA predicates. The first conviction stemmed from Harris pleading guilty to first-degree robbery generally in April of 1993. The Government acknowledges that two of the three subsections defining first-degree robbery can be committed recklessly. The second conviction, for second-degree robbery, occurred in May of 1993. The Government recognizes Harris could establish his conviction arose from a portion of the statute that criminalized reckless conduct. Both robbery convictions, therefore, could no longer serve as predicate offenses under ACCA.

Notwithstanding these concessions, however, the Government posits Harris has three remaining convictions of "a violent felony or a serious drug offense," or some combination of both under 18 U.S.C. § 924(e)(1), rendering the ACCA enhancement appropriate. It is undisputed that he has one qualifying serious drug offense under § 924(e)(2)(A). The Government contends his third conviction for robbery and a conviction for first-degree aggravated assault, both under Pennsylvania law, remain qualifying predicate offenses.

Harris disagrees, arguing both convictions fail to constitute violent felonies in light of *Borden*. He suggests, however, that this panel need not address the effect of *Borden* given our Court's decision in *Mayo*. It is the controlling law of this Circuit that a Pennsylvania conviction for first-degree aggravated assault "does not categorically require the use of physical force against another" and therefore cannot constitute a violent felony under ACCA. *Mayo*, 901 F.3d at 224, 230. Harris asserts *Mayo* is binding on this panel and, because it eliminates one of his three remaining prior convictions, is dispositive of this appeal.

The Government has consistently argued that *Mayo* was wrongly decided and should be overturned, in part because it improperly relied on a "single intermediate appellate court" decision in concluding that Pennsylvania first-degree aggravated assault can be committed without the use of physical force. Gov't Br. 17, July 26, 2001. Indeed, *Mayo* cites *Commonwealth v. Thomas*, 867 A.2d 594, 597 (Pa. Super. Ct. 2005), a case where a mother starved her four-year-old son to death, to support its holding that the use of force is not an element of aggravated assault under 18 Pa. Cons. Stat. § 2702(a). The Government argues that Thomas' conduct of executing the "prolonged confinement, torture, and starvation of a little boy" necessitated physical force sufficient to qualify the crime as a violent felony under ACCA. Gov't Br. 20, Aug. 28, 2018. It opines that *Mayo*, by citing *Thomas* as grounds for finding that starving a child to death does not constitute a predicate offense for the ACCA sentencing enhancement, "freed all other Pennsylvania defendants of the federal consequences of a conviction for the prototypically violent crime of first-degree aggravated assault." *Id.*

Recognizing that the *Thomas* decision was not issued by Pennsylvania's highest appellate court, this panel petitioned the Pennsylvania Supreme Court for a controlling decision on whether first-degree aggravated assault necessarily requires the perpetrator to use force. In so doing, we sought to determine definitively whether *Mayo* was premised on an accurate interpretation of 18 Pa. Cons. Stat. § 2702(a)(1).[2]

---

[2] The specific question of law certified to the Pennsylvania Supreme Court was:

The Pennsylvania Supreme Court granted our petition and issued an opinion answering the "narrow inquiry" of whether the use of force is an element of first-degree aggravated assault. *United States v. Harris*, 289 A.3d 1060, 1069 (Pa. 2023). Upholding the Superior Court's decision in *Thomas*, the Supreme Court held it is not. The attempted or actual infliction of serious bodily injury is a required element, but the perpetrator need not use force to inflict such an injury. The Supreme Court interpreted Section 2702(a)(1) to mean that criminal liability is not tethered "to the use or attempted use of physical force but, instead, to the infliction of a specified harm, *i.e.*, serious bodily injury, regardless of the means by which the harm is inflicted." *Harris*, 289 A.3d at 1074.

Given this authoritative confirmation that *Mayo* correctly determined that committing first-degree aggravated

---

> Whether the Pennsylvania First-Degree Aggravated Assault provision, codified at 18 Pa. Cons. Stat. § 2702(a)(1), requires some use of physical force, as the Government contends, or, instead, as the Pennsylvania Superior Court said in *Commonwealth v. Thomas*, 867 A.2d 594, 597 (Pa. Super. Ct. 2005), the statute means that "the use of force or threat of force is not an element of the crime . . . ."

*United States v. Harris*, 272 A.3d 1286 (Pa. 2022) (Table).

We note the Government objected to our formulation of the certified question, asserting that only federal courts can determine what constitutes "physical force" under ACCA's definition of a violent felony and whether that articulation of physical force is an element of Section 2702(a)(1). But, as the Pennsylvania Supreme Court recognized, this panel sought only to determine whether a violation of Section 2702(a)(1) "requires *some* use of physical force," which requires the interpretation of a state statute. *Harris*, 289 A.3d at 1068-69 (emphasis added). The interpretation of a state statute is a question of state law, and federal courts are bound by a state's highest court's interpretation. *United States v. Johnson (Johnson 2010)*, 559 U.S. 133, 138 (2010).

7

assault in Pennsylvania does not require the perpetrator to use physical force, we turn to whether the opinion correctly interpreted ACCA to hold a conviction under 18 Pa. Cons. Stat. § 2702(a)(1) cannot qualify as a predicate offense. We conclude that it did and follow our precedent accordingly.

### III.   Analysis

The parties agree that Harris' aggravated assault conviction could only qualify as a predicate offense under the element of force clause of ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(i). To determine whether the clause covers this offense, we apply the categorical approach. This requires us to identify the elements of aggravated assault and determine whether "the use, attempted use, or threatened use of physical force against another person is categorically an element of the offense of conviction." *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018) (citing USSG § 4B1.2(a)(1)).[3] If the statute defining aggravated assault contains an element of physical force within the context of ACCA, then the offense constitutes a violent felony under Section 924(e)(2)(B)(i). If the statute lacks such an element, then it "sweeps more broadly" than ACCA's definition of a violent felony, and a conviction under the statute cannot count as a predicate offense. *Descamps v. United States*, 570 U.S. 254, 261 (2013).

In determining whether the physical force element exists, we identify "the least culpable conduct hypothetically necessary to sustain a conviction under the statute" and presume the defendant engaged in that conduct when committing the prior offense. *Hernandez-Cruz v. Att'y Gen.*,

---

[3] Although this Court's decision in *Ramos* addresses the definition of a "crime of violence" as defined under the career offender Guideline, U.S.S.G. § 4B1.2(a), and not the definition of "violent felony" in ACCA, the decision is still binding on our analysis. Because of the substantial similarity between the two definitions, "courts generally apply authority interpreting one provision to the other." *United States v. Brasby*, 61 F.4th 127, 133 (3d Cir. 2023); *see e.g., United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009) (applying ACCA precedent in Guidelines Definition case)).

8

764 F.3d 281, 285 (3d Cir. 2014) (quoting *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 471 (3d Cir. 2009)). When identifying the least culpable conduct, we must remain tethered to reality. There must be "legal authority establishing that there is 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct'" that falls outside the ACCA definition of a violent felony. *Ramos*, 892 F.3d at 606 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

Categorizing the elements of a prior conviction requires us to ascertain the precise crime a defendant committed. If the statute underlying the prior conviction is divisible, meaning it encompasses "multiple, alternative versions of the crime," then we modify the categorical approach to determine which version "formed the basis of the defendant's conviction." *Descamps*, 570 U.S. at 262. This requires us to look beyond the statute to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). This limited review is only to identify the elements of the crime underpinning a defendant's conviction, not to uncover facts that would reveal whether a violent felony was committed.

It is undisputed that the Pennsylvania statute for aggravated assault is a divisible offense, and that Harris was convicted of aggravated assault in the first degree. The parties do dispute, however, whether the extra-statutory documents can establish which version of aggravated assault he committed. At the time of Harris' conviction, a person was guilty of first-degree aggravated assault if he:

> (1) attempt[ed] to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; [or]

> (2) attempt[ed] to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to any employee of any agency, company or other entity engaged in public transportation, while in the performance of a duty.

18 Pa. Cons. Stat. § 2702(a).

While Harris is correct that the charging documents do not identify the subsection of his conviction, the guilty plea colloquy is informative. It contains no indication that the assault involved a police officer or any other person referenced in subsection (a)(2). The only reasonable reference from the factual retelling is that the victim was a citizen who suggested a woman call the police "while he kept [Harris] stalled" outside her home. We find these circumstances sufficient to establish Harris was convicted under subsection (a)(1). *See Thomas v. Att'y Gen.*, 625 F.3d 134, 146–47 (3d Cir. 2010) (applying the modified categorical approach and considering the factual basis for the guilty plea to discern which of the "alternative elements" defendant committed).

This determination reinforces the conclusion that this case is governed by our decision in *Mayo*. It is a well-established "tradition of this court" that an opinion with precedential authority "is binding on subsequent panels." 3d Cir. I.O.P. 9.1. This panel is not free to disregard the decision in *Mayo*, regardless of whether we agree with the outcome. *En banc* consideration is the only means by which we can overrule our existing precedential authority, and even then the full Court "do[es] not overturn our precedents lightly." *Al-Sharif v. United States Citizenship & Immigration Servs.*, 734 F.3d 207, 212 (3d Cir. 2013) (en banc). "[T]his practice shows our Court's respect for the role of stare decisis and the predictability it affords." *Bastardo-Vale v. Att'y Gen.*, 934 F.3d 255, 267 (3d Cir. 2019) (citation omitted). In accordance with this Court's practice, we adopt *Mayo's* holding that a

conviction under 18 Pa. Cons. Stat. § 2702(a)(1) cannot serve as a predicate offense under ACCA.[4]

This panel is obligated to follow *Mayo,* but we also agree with the opinion's interpretation of how ACCA's element of force clause applies to Pennsylvania's first-degree aggravated assault. To qualify as a predicate violent felony, the clause requires an offense have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Court in *Mayo* recognized that subsection (a)(1) of the aggravated assault statute contains no such element. To be found guilty under Section 2702(a)(1), the offender must attempt to cause or cause serious bodily injury, but there is no requirement that the bodily injury result from physical force. In fact, the statute criminalizes the omission of an act, or the failure to act, that causes serious bodily injury. As we held in *Mayo*, an act of omission does not constitute an act of physical force within the meaning of ACCA. 901 F.3d at 227–229.

The Supreme Court has defined physical force under ACCA to be "*violent* force— that is, force capable of causing physical pain or injury to another person." *Johnson v. United States (Johnson 2010)*, 559 U.S. 133, 140 (2010). The Court held the word "violent . . . connotes a substantial degree of force" and that the term physical force "connotes force strong enough to constitute 'power'," especially when used within the definition of "violent felony." *Id.* at 140, 142. *Johnson 2010* disavowed the common law's definition of force in the context of ACCA, concluding that crimes that may be "satisfied by even the slightest offensive touching" are not violent felonies. *Id.* at 139. Instead, the relevant conduct under the Act is "extreme and sudden . . . ; furious; severe; vehement" and "characterized by strong physical force." *Id.* at 140 (citations omitted).

In *Mayo*, we recognized that Pennsylvania courts have sustained convictions for aggravated assault under Section 2702(a)(1) where a defendant causes serious bodily injury without using or threatening physical force. The *Mayo* Court

---

[4] The Government's petition for *en banc* rehearing in *Mayo* was denied on October 25, 2018.

11

identified one Pennsylvania case as particularly instructive, *Commonwealth v. Thomas*, 867 A.2d 594 (Pa. Super. Ct. 2005). In *Thomas*, the Pennsylvania Superior Court held that "evidence of the use of force or the threat of force is not an element of the crime of aggravated assault." *Id*. at 597. As a result, the prosecution was not required to provide "proof of the use of force or the threat of force" to obtain a conviction; the evidence was sufficient to sustain a conviction because the prosecution established Thomas "did cause[] serious bodily injury to [her son]" by starving him to death. *Id.* at 597, 602.[5]

If a crime satisfied by the slightest offensive touch does not qualify as a violent offense under ACCA, it necessarily follows that a crime satisfied without physical force cannot constitute a predicate offense. When applying ACCA, the law requires us to parse out different types of crimes to identify the prior convictions that expose a defendant as "'the kind of person who,' when armed, 'might deliberately point the gun and pull the trigger.'" *Borden*, 141 S. Ct. at 1822 (citing *Begay v. United States*, 553 U.S. 137, 146 (2008)). "Th[is] approach is under-inclusive by design: It *expects* that some violent acts, because charged under a law applying to non-violent conduct, will not trigger enhanced sentences." *Id.* at 1832. Following this mandate of under-inclusivity, it follows that a statute that can be violated without the use of physical force would not trigger a mandatory minimum sentence of fifteen years.

---

[5] In answering our question regarding the required elements of first-degree aggravated assault, the Pennsylvania Supreme Court noted that *Thomas* "is not the only Pennsylvania decision where an aggravated assault conviction pursuant to Section 2702(a)(1) was upheld absent evidence of physical force." *Harris*, 289 A.3d at 1071 n.17. The Court cited *Commonwealth v. Bullock*, 170 A.3d 1109 (Pa. Super. Ct. 2017), which held there was sufficient evidence of aggravated assault where the defendant directed the utility provider to shut off the electricity even though his elderly mother needed electricity to run her oxygen machine to breathe. *Id.* Also cited was *Commonwealth v. Taylor*, No. 1641 WDA 2013, 2015 WL 7576457 (Pa. Super. Ct. Feb. 9, 2015), where the defendant's failure to feed her six-year-old twins caused serious bodily injury and constituted aggravated assault. *Id.*

As the Pennsylvania Supreme Court clarified at our request, Thomas was properly convicted of aggravated assault for committing a horrific crime in a manner that remains an example of how 18 Pa. Cons. Stat. § 2702(a)(1) is applied in Pennsylvania. There, aggravated assault convictions can be sustained based on evidence of serious bodily injury, not physical force. *Mayo*'s holding that physical force is not an element of Pennsylvania aggravated assault is not this Court's assessment of Thomas' conduct, which the Pennsylvania courts found culpable. It is instead a reflection of the categorical approach and the Act's restrictive definition of a violent felony. ACCA imposes a significant mandatory sentence on those who meet its requirements. The severe punishment was not intended for all perpetrators who committed crimes where bodily injury could or did occur. The Act is instead designed to apply to those offenders who have committed numerous crimes involving a substantial degree of violent force.

The Government argues physical force as defined by federal law requires us to find that starving a child to death is a violent felony. Specifically, it cites the Supreme Court's decision in *United States v. Castleman*, which held that "[i]t is impossible to cause bodily injury without applying force *in the common-law sense*." 572 U.S. 157, 170 (2014) (emphasis added). The Government contends that *Castleman* requires this Court to conflate the infliction of bodily injury with physical force. But, as we concluded in *Mayo*, the *Castleman* decision involved the common-law concept of force, and it "expressly reserved the question of whether causing 'bodily injury' necessarily involves the use of 'violent force' under the ACCA." 901 F.3d at 228 (internal citation omitted). And the Pennsylvania aggravated assault statute criminalizes the infliction of bodily injury "without *any* affirmative use of force." *Id.* at 228 (emphasis added).[6]

---

[6] At *en banc* argument for this case, the Government argued that the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), affects this Court's decision in *Mayo*. But *Stokeling* held that the force element in Florida's robbery statute was "the force necessary to overcome a victim's physical resistance," which the Court held was sufficient to satisfy physical force as defined by *Johnson 2010*. *Stokeling*,

There have been no developments in the law since *Mayo* that would give this panel the authority to extend ACCA's limited scope to include crimes committed by acts of omission. Although excluding aggravated assault under Section 2702(a)(1) from ACCA's scope may be counterintuitive, it is the consequence of the Act's restricted, and perhaps sometimes under-inclusive, application.

### IV.  Conclusion

For the foregoing reasons, we will vacate the order denying Harris' motion to correct his sentence and remand the case to the District Court for resentencing. The District Court is instructed to assess the applicability of the ACCA sentencing enhancement now that Harris' aggravated assault conviction is no longer considered a predicate offense.[7]  On remand the District Court should resentence Harris consistent with this opinion.

---

139 S. Ct. at 553. In *Mayo*, there was *no* force element in the aggravated assault offense, and the requisite serious bodily injury could result from the absence of physical force. Thus, *Stokeling* does not give this Court the authority to extend ACCA to Harris' aggravated assault conviction.

[7] As a result of this opinion, Harris seemingly does not have three prior qualifying violent felony convictions for purposes of ACCA. For this reason, we do not address whether his first-degree conviction for robbery qualifies as a predicate offense under ACCA.