

U.S. Department of Justice

*United States Attorney*

*Eastern District of Pennsylvania*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

January 16, 2018

**VIA ELECTRONIC FILING**

Marcia M. Waldron, Clerk
United States Court of Appeals
United States Courthouse, 21st Floor
601 Market Street
Philadelphia, PA 19106

    Re:    United States v. Marc Harris
            No. 17-1861

Dear Ms. Waldron:

      The government writes to address the Pennsylvania Supreme Court's decision in *Commonwealth v. Prosdocimo*, 525 Pa. 147, 578 A.2d 1273 (1990), with which the undersigned expressed unfamiliarity at today's oral argument. The appellant cited this case as support for the proposition that the state Supreme Court has approved the model jury instruction for first-degree felony robbery propounded by the Pennsylvania Bar Institute, which the appellant interprets to suggest that the various types of first-degree robbery stated in 18 Pa. C.S. § 3701(a)(1)(i)-(iii) are different parts of a single element. *Prosdocimo* states nothing of the kind, and in fact supports the government's position.

      In *Prosdocimo*, the defendant was charged with felony murder with respect to a death that occurred in the course of a robbery. He challenged the jury instructions, in which the court first explained the concept of felony murder (a "killing [that] was committed while the Defendant or an accomplice was engaged

in the commission of the felony of robbery"), and then defined robbery for the jury. The court instructed:

> Now I will define the felony of robbery for you. In order to find that the Defendant was an accomplice or a party to, that is he shared a common intent in the commission of the crime of robbery, you must be satisfied that the following elements have been demonstrated: First, that the Defendant or his accomplice inflicted or threatened to inflict serious bodily harm to Gary DeStefano during the commission of a felony, and that felony would be theft. Secondly, that the Defendant did so in committing a theft, or that his accomplice did so in committing a theft.

*Prosdocimo*, 525 Pa. at 151, 578 A.2d at 1274. In approving these instructions, the Supreme Court stated in part: "We observe also that the jury charge closely tracked the language of the suggested standard jury instructions for the crimes of felony-murder, robbery, and theft." *Prosdocimo*, 525 Pa. at 155, 578 A.2d at 1276–77. The Court did not set forth those "suggested standard jury instructions," however.

Notably, consistent with the government's view, the actual instruction that the Supreme Court approved defined robbery exclusively in terms of inflicting or threatening bodily injury, which is expressed in subsections (i) and (ii) of the robbery statute. That is consistent with the government's position here: there is no authority whatsoever that commission of a violation of subsection (iii) by, in the course of a theft, committing or threatening to commit any *nonviolent* first-degree or second-degree felony, is simply a different means of committing a robbery offense. Subsection (iii) plainly presents a unique element, indeed virtually a different crime than that described in subsections (i) and (ii). To the extent the current form instruction suggests otherwise (which is far from clear), *Prosdocimo* did not endorse it.

In actuality, the current instruction proposed by the Pennsylvania Bar Institute, Pa. SSJI (Crim), § 15.3701A (2016), provides a framework for charging, in which any of the subsections of Section 3701(a)(1) may be inserted as satisfying an element of robbery. To the extent this suggests that the types of first-degree robbery are interchangeable, and that a jury need not be unanimous with regard to which type occurred, the suggestion has never been adopted by the Supreme Court, either in *Prosdocimo* or anywhere else.

Also notable is the decision in *Com. v. Tilley*, 528 Pa. 125, 595 A.2d 575 (1991). There, the court observed that it had not adopted proposed instruction 15.3701A, but found relevant "that the instructions of the trial court as to robbery were almost identical to the language and definitions contained in section 15.3701A of the Pennsylvania Suggested Standard Jury Instructions." 528 Pa. at 141, 595 A.2d at 583. And there also, the instruction the court proceeded to approve was nearly identical to that in *Prosdocimo,* as the trial court stated: "In order to find the Defendant guilty of robbery, you must be satisfied that the following two elements have been proven beyond a reasonable doubt. First, that the Defendant inflicted serious bodily injury upon Robert Daiss in the course of committing a theft. And, Second, that the Defendant did so in the course of committing a theft." 528 Pa. at 142, 595 A.2d at 583. Once again, as explained at oral argument, we see a Pennsylvania court (as during the guilty plea colloquy in the prior conviction of appellant Harris at issue) defining first-degree robbery as a violent offense in violation of subsection (i) or (ii), and not holding that committing or threatening to commit a *nonviolent* crime is simply a means of the same offense.

Respectfully,

LOUIS D. LAPPEN
United States Attorney

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

cc: Arianna J. Freeman, Esq.