

U.S. Department of Justice

*United States Attorney*

*Eastern District of Pennsylvania*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

March 8, 2018

**VIA ELECTRONIC FILING**

Patricia S. Dodszuweit, Clerk
United States Court of Appeals
United States Courthouse, 21st Floor
601 Market Street
Philadelphia, PA 19106

    Re:    United States v. Marc Harris
              No. 17-1861

Dear Ms. Dodszuweit:

      Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, the government, appellee in this matter, hereby notifies the Court of a recent decision that is pertinent to an issue in this appeal.

      In *United States v. Middleton*, -- F.3d --, 2018 WL 1056944, *10-12 (4th Cir. Feb. 26, 2018), Judge Floyd, in a concurring opinion that was joined by one of the other two judges on the panel, opined that the ACCA elements clause requires a higher degree of mens rea than recklessness. Judge Floyd on this basis joined the court's conclusion that involuntary manslaughter in violation of South Carolina law, which may be based on reckless conduct, is not a violent felony under ACCA.

      The majority of appellate courts to address this issue have reached the opposite conclusion, advocated by the government, that reckless conduct suffices under the elements clause. *See United States v. Mendez-*

*Henriquez,* 847 F.3d 214, 221-22 (5th Cir. 2017); *United States v. Verwiebe,* 874 F.3d 258, 264 (6th Cir. 2017)*; United States v. Fogg,* 836 F.3d 951 (8th Cir. 2016); *United States v. Pam*, 867 F. 3d 1191, 1207-08 (10th Cir. 2017).

  The First Circuit previously took the minority view. *See United States v. Windley,* 864 F.3d 36 (1st Cir. 2017) (adopting the reasoning of *Bennett v. United States*, 868 F.3d 1, *withdrawn and vacated as moot*, 870 F.3d 34 (1st Cir. 2017)). *See also United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016) (finding it unnecessary to reach this issue but acknowledging that its precedent holding that recklessness was not a sufficient mens rea under the elements clause in 18 U.S.C. § 16(b) was in tension with *Voisine*, as the latter "suggested the opposite").

        Respectfully yours,

        LOUIS D. LAPPEN
        United States Attorney


        */s Robert A. Zauzmer*
        ROBERT A. ZAUZMER
        Assistant United States Attorney
        Chief of Appeals


cc: Arianna J. Freeman, Esq.